**WO**                                                                                               SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Owen Poole, II, | No. CV 06-1279-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

      Plaintiff Thomas Owen Poole, II, confined in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. By Order filed June 21, 2006, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* and granted Plaintiff 30 days to either pay the $350.00 filing fee or file a new Application on the current, court-approved form. Plaintiff filed a completed Application to Proceed *In Forma Pauperis* on July 19, 2006. The Court will grant the Application and will order Defendants Arpaio and Peterson to answer the Complaint and will dismiss the remaining Defendants without prejudice.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

      Plaintiff's July 19, 2006 Application to Proceed *In Forma Pauperis* (Doc. #6) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $20.18. 28 U.S.C.§ 1915(b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's

**TERMPSREF**

income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff names the following Defendants: (1) Joseph Arpaio, Sheriff; (2) Capt. Peterson, M.C.S.O. Commander; and (3) Unknown Detention Officers.

The Complaint contains three counts. In Count I, Plaintiff alleges that the Jail was overcrowded, which created a threat to Plaintiff's safety due to fights, inadequate security, and fire hazards. In Count II, Plaintiff alleges unsanitary conditions because inmates do not get disinfectants or cleaning supplies. In Count III, Plaintiff alleges a threat to his safety because there is peeling lead paint and falling asbestos ceiling tiles. Plaintiff alleges that these conditions violate his constitutional rights and <u>Hart v. Hill</u>.

Counts I, II, and III state claims against Defendants Arpaio and Peterson, and the Court will order them to answer the allegations in the Complaint.

## IV. Dismissed Defendants – Unknown Detention Officers

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). In the Complaint, Plaintiff has made conclusory allegations against a group of unknown defendants whom he designates as "Unknown Detention Officers." This is not sufficient to state a claim.

Plaintiff must identify specific detention officers whose actions caused the injuries he describes. Because Plaintiff has not linked his injuries with specific detention officers, Defendants "Unknown Detention Officers" will be dismissed.

## V. Claims Under Hart v. Hill

Injunctive relief sought by Plaintiff in connection with the rights enumerated in the Amended Judgment of the class action Hart v. Hill, CV 77-0479-PHX-EHC (MS), may only be sought or enforced within the original case. The Amended Judgment in the class action precludes Plaintiff from seeking separate and individual injunctive relief. Likewise, Hart v. Hill provides no independent cause of action for monetary relief. Although the class action does not foreclose an individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir.1996), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks. In a case challenging the conditions of confinement of pretrial detainees, the most likely source of a right to sue (of which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $20.18.

(3) Defendants Unknown Detention Officers are **dismissed** without prejudice.

(4) Defendants Arpaio and Peterson must answer the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arpaio and Peterson.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge